

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-27-2006

# Stepanyants v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1212

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Stepanyants v. Atty Gen USA" (2006). *2006 Decisions.* Paper 1704.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1704

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**


IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

NO. 05-1212
_____


DAVID STEPANYANTS,
*Petitioner*


v.


ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Board No.  A95 837 572)
_____


Submitted Under Third Circuit LAR 34.1(a)
January 18, 2006
Before: ROTH, FUENTES and BECKER, *Circuit Judges*

(Filed: January 27, 2006)


_____

OPINION
_____


BECKER, *Circuit Judge.*

David Stepanyants petitions for review of an order of the Board of Immigration

Appeals ("BIA") affirming an Immigration Judge's ("IJ") denial of Stepanyants's applications for political asylum, withholding of removal, and relief under Article III of the Convention Against Torture.[1] The BIA reviewed and adopted much of the IJ's decision, but went on to make certain findings of its own. Where the BIA has reviewed and incorporated the IJ's decision, we treat the incorporated parts of the IJ's decision as the BIA's decision. *See Xie v. Ashcroft*, 359 F.3d 239, 242 (3d Cir. 2004). Because the parties are fully familiar with the background facts and procedural history we need not set them forth in detail, and limit our discussion essentially to our *ratio decidendi.*

Stepanyants was born in the USSR in what is now Turkmenistan. With his wife and three children, he fled to Russia from Turkmenistan in 1996. He carries a passport issued in Moscow by the USSR on March 6, 2000. He came by himself to the United States from Russia in 2001 to visit his mother, brother, sister, and nephew, leaving his wife and children in Astrakhan in Russia. He overstayed his visa and then applied for asylum. At his deportation hearing, he indicated that his first preference for deportation was to Russia and his second preference to Turkmenistan. Ironically, Stepanyants's mother, brother, sister, and nephew fled to the United States in 1996, not to Russia, and have been granted asylum here. Stepanyants maintains that while in Russia he and his

---

[1] Stepanyants does not discuss the agency's denial of his applications for withholding of removal or protection under the Convention Against Torture in his brief to this Court, therefore, he has waived these issues for purposes of this petition for review. *See*, *e.g.*, *Vente v. Gonzales*, 415 F.3d 296, 299 n.3 (3d Cir. 2005).

family were menaced by an organization known as Pamyats who held antipathy toward Armenians such as Stepanyants. In Turkmenistan, then and now, the regime is hostile to Christian religions (Stepanyants is a Christian). Indeed the hostility is considerable as reflected by the State Department Country Reports.

The decisions of the IJ and the BIA are essentially based on the finding that Stepanyants was not credible. We must uphold the agency's findings of fact where they are "supported by reasonable, substantial, and probative evidence on the record considered as a whole," *Gao v. Ashcroft*, 299 F.3d 266, 272 (3d Cir. 2002) (quotation omitted), and must treat those findings as conclusive unless any reasonable adjudicator would be compelled to reach a contrary conclusion. 8 U.S.C. § 1252(b)(4)(B). Put differently, to revise the BIA's decision Stepanyants must show that the evidence he presented was "so compelling that no reasonable fact finder could fail to find the requisite fear of persecution," *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992). This standard requires the Court to affirm the administrative decision unless the evidence not only supports the petitioner's position, but compels it "such that a reasonable fact finder would *have* to conclude that the requisite fear of persecution existed." *Id.* at 481 (emphasis added).

The adverse credibility determinations were fueled by what the IJ and BIA found to be numerous inconsistencies between Stepanyants's testimony, his written asylum application, and his proffered affidavits, that were related to the key aspects of his claim.

The inconsistencies are clearly identified in the IJ's and BIA's opinions and in the Agency's brief before this Court, and need not be repeated here. Suffice it to say that Stepanyants has not shown that the findings are not supported by substantial evidence or that the evidence compels the reasonable fact finder to conclude that the requisite fear of persecution exists.

Stepanyants's brief on appeal is centered largely on the issue of country conditions, in particular the extreme hostility of Turkmens and the Turkmen government to Armenian Christians such as Stepanyants. But, if deported, Stepanyants will go to Russia where his wife and children are residing peacefully. *See Lie v. Ashcroft*, 396 F.3d 530, 537 (3d Cir. 2005) ("[W]hen family members remain in petitioner's native country without meeting harm, and there is no individualized showing that petitioner would be singled out for persecution, the reasonableness of a petitioner's well-founded fear of future persecution is diminished.") (citation omitted). The lack of religious tolerance and the apparent hostility of the Turkmen government to Christian religions is deeply troubling, but Stepanyants will apparently not go back to Turkmenistan.

At all events, the material allegedly supporting the country conditions was not proffered to the IJ, and thus Stepanyants's argument that the BIA erred in not considering the country reports cannot prevail. The BIA is an appellate body and is not permitted to engage in fact finding or to consider new evidence on appeal. *See* 8 C.F.R. §

1003.1(d)(3); 8 C.F.R. § 1003.3(f).[2]

The petition for review will be denied.

---

[2]Moreover, if Stepanyants believed that the current country reports (a) were germane and (b) reflected a change in conditions such that his fear of future persecution was heightened, his proper remedy was to file a motion to reopen and remand with the BIA. *See* 8 C.F.R. § 1003.1(d)(3)(iv) ("A party asserting that the Board cannot properly resolve an appeal without further fact finding must file a motion for remand"); 8 C.F.R. § 1003.2(c)(3)(ii).